UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON L. ENSEY, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOVERNMENT EMPLOYERS INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, and GEICO GENERAL INSURANCE COMPANY,<br><br>　　　　Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 12-07669 (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

LOCKS LAW FIRM, LLC
Michael A. Galpern, Esq.
Andrew P. Bell, Esq.
James A. Barry, Esq.
457 Haddonfield Rd, Suite 500
Cherry Hill, NJ 08002
　　　Counsel for Plaintiff

ANDRES & BERGER, P.C.
Ken Anders, Esq.
Tommie Ann Gibney, Esq.
264 Kings Highway East
Haddonfield, NJ 08033
　　　Counsel for Plaintiff

WHITE AND WILLIAMS LLP
Michael N. Onufrak, Esq.
Edward M. Koch, Esq.
457 Haddonfield Rd, Suite 400
Cherry Hill, NJ 08002
　　　Counsel for Defendants

**Irenas**, Senior District Judge:

Following the Court's November 7, 2013 Opinion and Order granting in part Defendant GEICO's motion to dismiss, Plaintiff Shannon L. Ensey moved for reconsideration pursuant to Fed. R. Civ. P. 60(b) and L. Civ. R. 7.1(i).[1]  Her motion is currently before the Court and, for the reasons outlined below, will be denied.

**I.**

Because the Court writes primarily for the parties it assumes familiarity with its previous opinion.  See <u>Ensey v. Government Employers Ins. Co.</u>, No. 12-cv-07669 (JEI/KMW), 2013 WL 5963113 (D.N.J. Nov. 7, 2013).

**II.**

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because the parties are completely diverse and the amount in controversy is in excess of $5,000,000.
   Plaintiff names GEICO and its subsidiaries, GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company, as defendants. For the purpose of deciding this motion, the Court refers to GEICO and its subsidiaries as a single defendant.

prevent manifest injustice.  See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

### III.

Plaintiff asks the Court to resurrect three dismissed claims: (A) breach of contract; (B) violation of the New Jersey Consumer Fraud Act ("NJCFA"); and (c) violation of New Jersey's Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA").

### A.

Plaintiff argues the dismissal of her breach of contract claim was in error.  Although it is unclear what exactly Plaintiff alleges the Court overlooked,[2] she argues that because the Court did not dismiss her statutory duty claim, and the law recognizes a claim for breach of a reformed contract, her breach of contract claim should not have been dismissed.[3]  (Br. 5-6)

---

[2] Plaintiff writes that "this Court overlooked that Plaintiff's claims for reformation of the contract as part of her breach of contract action and as the remedy, in part, for the breach of the statutory duties, thereby providing Plaintiff with a UM/UIM coverage limit of $100,000 – equal to Plaintiff's BIL coverage limit."  (Br. at 5)

[3] In its opposition brief, GEICO argues that Plaintiff did not allege within her breach of contract claim that GEICO breached the reformed contract. GEICO is mistaken, although understandably so.
  Plaintiff alleges:
  As a result of Defendants' actions, practices and/or conduct, as set forth above, as to Plaintiff and members of the subclasses, as defined herein, GEICO breached their standard automobile insurance contracts by erroneously informing Plaintiff and members of the

3

Plaintiff's motion, however, appears to be a battle over semantics. In denying GEICO's motion as to Plaintiff's breach of statutory duty claim, the Court held that "Plaintiff's claim may best be described as one for reformation" but that the "exact contours of [the claim] need not be determined at the present time." Ensey, 2013 WL 5963113 at *3, n.10. And Plaintiff's claim for breach of the reformed contract turns on the very same issue determinative of her claim for breach of statutory duty: whether GEICO fulfilled its statutory duty while interacting with Plaintiff.

Furthermore, both claims can lead to only one recovery: reformation of the contract. As set forth by the New Jersey Supreme Court in Weinisch v. Sawyer, 123 N.J. 333 (1991), on

---

Subclasses, as defined herein, that their standard automobile insurance policies did not provide for UM/UIM coverage limits up to the BIL coverage limit or $250,000 (whichever was less), rather than the limits as set forth in the insurance policies and/or by erroneously denying claims made by Plaintiff and members of the Subclasses, as defined herein, based solely upon the purported UM/UIM coverage limits set forth in their policies, rather than processing the claims as required by law up to the BIL coverage limit or $250,000 (whichever was less).

Compl. ¶ 75.

This confusing 127-word sentence contains the allegation that GEICO breached Plaintiff's contract "by erroneously denying claims made by Plaintiff . . . based solely upon the purported UM/UIM coverage limits set forth in [her] polic[y]." Id. Accordingly, Plaintiff's breach of contract claim is, in part, based on a breach of the reformed contract. But see Strunk, White, and Kalman, The Elements of Style 114 (2005) ("Clarity, clarity, clarity. When you become hopelessly mired in a sentence, it is best to start fresh; do not try to fight your way through against the terrible odds of syntax.")

facts exceedingly similar to those alleged by Plaintiff,[4] "[Plaintiff] seeks to recover the amount he would be due if the policy had contained higher UM/UIM limits.  A judgment ordering greater coverage than that contained in the policy is inescapably one for reformation.  Calling such relief anything other than reformation is merely wordplay."  Id. at 341-42.

Furthermore, it is clear that Plaintiff's claim – however described – must be tried before the Court.  In Weinsich, the high court reversed the Appellate Division's order for a jury trial, holding that "an insured seeking reformation in an action against an insurer and its agent is not entitled to a jury trial."  Id. at 344.

In sum, the Court denies Plaintiff's motion for reconsideration.  Whether Plaintiff's claim is termed one for breach of statutory duty or reformation "is merely wordplay."  Weinisch, 123 N.J. at 342.  Plaintiff alleges GEICO failed to

---

[4] In Weinisch, plaintiff Weinisch, an Allstate policy holder with the minimum amount of UIM coverage available, received in the mail a coverage selection form and a buyer's guide.  He contacted an Allstate agent who allegedly told him to ignore the documents unless he wanted to reduce his coverage or lower his premiums; the agent denied making such statements.  Weinisch, 123 N.J. at 336-37.  Weinisch was subsequently in an automobile accident and sued Allstate for, inter alia, breach of its statutory duty to notify him of his opportunity to increase his UIM insurance and breach of contract.  Id. at 338.
   A bench trial was held in which the court found plaintiff's testimony incredible and entered judgment in favor of defendants.  Id. at 338.  The Appellate Division reversed, holding that Wiensich was entitled to bring an action directly against Sawyer for money damages and that "the kinds of issues raised by plaintiff's claims are those historically determined by a jury in an action at law."  Id. at 339 (quoting 237 N.J.Super. 195 (1989)).
   The New Jersey Supreme Court, however, reversed, and reinstated the trial court's judgment.

fulfill its statutory obligations and seeks the benefits of her policy, reformed in light of those obligations. As the Court held in its previous opinion, this claim can move forward.

**B.**

Plaintiff writes that the Court, in dismissing her NJCFA claim, failed to give "favorable inferences to the allegations in the complaint," (Br. at 6-7), and "overlooked a more fundamental element of Plaintiff's complaint": that GEICO's failure to offer higher UM/UIM limits when Plaintiff changed her automobile and BIL limit violated the NJCSF. (Id. at 7-8)

Plaintiff, however, inaccurately portrays the Court's prior opinion. Therein, the Court specifically held that GEICO's conduct during Plaintiff's "January 21, 2008 telephone call [] to increase her BIL and change the automobile covered by her policy . . . was not fraudulent." Ensey, 2013 WL 5963113 at *6. Contrary to Plaintiff's assertion, the Court directly addressed Plaintiff's allegation while granting in part GEICO's motion to dismiss.

In reality, Plaintiff seeks to reargue the substantive legal determination that GEICO was not obligated to affirmatively offer Plaintiff higher UM/UIM limits when she altered a pre-existing policy. At the instant stage, this is something Plaintiff cannot do.

6

**C.**

Plaintiff asks the Court to reconsider its dismissal of her TCCWNA claim, arguing that GEICO's "failure to advise individuals of their right to purchase increased UM/UIM limits is not only a violation of the New Jersey Consumer Fraud Act, but [] also a violation of the TCCWNA." (Br. at 15)

Because Plaintiff fails to articulate a proper ground on which reconsideration would be appropriate, but rather seeks only to re-litigate a legal determination, Plaintiff's motion will be denied.

**IV.**

Plaintiff concludes her brief with a request for 30 days to amend her complaint, yet does not include a proposed amended complaint and cites only the ambiguities in her complaint as grounds for good cause. (Br. at 16) Accordingly, her request is denied. However, if Plaintiff would like to propose an amended complaint and move for leave to amend, she must do so by March 25, 2014.

**IV.**

For the reasons set forth above, Plaintiff's motion for reconsideration will be denied.  An appropriate order accompanies this opinion.


Date: March _11th__, 2014


                                            __/s/ Joseph E. Irenas_____

                                            Hon. Joseph E. Irenas
                                            Senior United States District Judge